**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**ARLENE HOWARD PUBLIC RELATIONS, LLC,**

                     **Plaintiff,**                 **MEMORANDUM AND ORDER**

    -against-

                                                            **17-CV-7298 (PKC)**

**CARLOTTA P. ZIMMERMAN,**

                     **Defendant.**
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Arlene Howard Public Relations, LLC ("plaintiff") filed this breach of contract action on December 14, 2017, invoking the Court's diversity jurisdiction. See Complaint (Dec. 14, 2017) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1. Following the failure of defendant Carlotta P. Zimmerman ("defendant") to respond to the complaint, the Clerk of Court entered defendant's default. See Clerk's Entry of Default (Feb. 5, 2018). On March 23, 2018, defendant moved to vacate the entry of default, in part, on the ground that plaintiff has not established that the parties are diverse. See Motion to Vacate Clerk's Entry of Default (Mar. 23, 2018) at 4, DE #10.

"[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks omitted). The diversity statute requires that the parties to the action be citizens of different states. See 28 U.S.C. § 1332(a)(1). Plaintiff's complaint alleges that plaintiff is a California limited liability corporation, located in California, and that

defendant is a resident of New York.  See Compl. ¶¶ 3, 4.  However, since plaintiff is a limited liability company, for diversity purposes, it "takes the citizenship of each of its members."  Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citation omitted).  The location of defendant's principal place of business and the state under whose laws it is organized do not suffice to establish complete diversity.

Accordingly, on March 28, 2018, this Court directed plaintiff to file a letter-motion to amend its complaint or show cause why this case should not be dismissed for lack of subject matter jurisdiction.  See Order to Show Cause (Mar. 28, 2018) ("3/28/18 Order"), DE #11.  In response, plaintiff submitted the declaration of Arlene Howard.  See Declaration of Arlene Howard (Mar. 29, 2018), DE #12-1.  Therein, Ms. Howard avers that she is the sole member of plaintiff and has been a resident of California since 1975, where she votes, pay taxes, and has a California driver's license.  See id. ¶¶ 1-2.

For purposes of diversity jurisdiction, citizenship is determined by a person's domicile. See Lindaros v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998).  Domicile requires a physical presence in the state and the intent to stay there.  See Universal Reinsurance Co. v. St. Paul Fire and Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000).  Among the factors courts consider in determining whether an individual intends to stay in a particular state are: current residence, voting registration, driver's license and vehicle registration.  See Lever v. Lyons, No. 16-CV-5130 (MKB) (SJB), 2018 WL 1089328, at *5 (E.D.N.Y. Feb. 26, 2018) (citation omitted).

Although she does not affirmatively state that she is domiciled in California and intends to stay there, it would appear from her declaration that Ms. Howard is domiciled in California and that plaintiff and defendant are citizens of different states for purposes of diversity jurisdiction. Nevertheless, a "federal court's jurisdiction must clearly appear from the face of a complaint or removal petition . . . ." Verosal USA, Inc. v. Florida Shades, Inc., 91 CIV. 6263 (VLB), 1992 WL 696643, at *1 (S.D.N.Y. Sept. 17, 1992) (citation omitted); accord Nationstar Mortg. LLC v. Mohr, 3:16-CV-0977 (LEK/DEP), 2017 WL 1373888, at *2 (N.D.N.Y. Apr. 13, 2017). In the absence of properly pled jurisdictional allegations, "the Court is obligated to dismiss [the complaint] *sua sponte*." Receivables Exch., LLC v. Hotton, No. 11-CV-0292 (JS)(WDW), 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011); accord U.S. Bank Trust, N.A. v. Licata, No. 6:17-cv-6037(MAT), 2017 WL 2671421, at *1 (W.D.N.Y. June 21, 2017); Nationstar Mortg., 2017 WL 1373888, at *2.

In this case, the complaint does not contain allegations sufficient to establish the diversity of the parties and thus the subject matter jurisdiction of this Court: The operative pleading fails to identify each of the limited liability company's members or to allege facts establishing their citizenship. See Prospect Funding Holdings, LLC v. Fennell, No. 15 CIV. 4176(LLS), 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (directing plaintiff to file amended complaint where citizenship of LLC was inadequately pled); Receivables Exchange, 2011 WL 239865, at *1 (dismissing complaint *sua sponte* with leave to replead, for failure to properly plead citizenship of LLC); see also 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Although invited by the Court to seek leave to amend the complaint to cure its jurisdictional deficiencies, see

3

3/28/18 Order at 2, plaintiff declined the invitation, see Response to Order to Show Cause (Mar. 29, 2018), DE #12. Accordingly, this Court would be amply justified in recommending that plaintiff's complaint be dismissed, without prejudice, for lack of subject matter jurisdiction, and that plaintiff's motion for a default judgment be denied. See, e.g., U.S. Bank Trust, 2017 WL 2671421, at *2 ("Because the Court finds that the complaint should be dismissed [for failing to properly allege diversity jurisdiction], it need not consider the merits of plaintiff's motion for default judgment."); Nationstar Mortg., 2017 WL 1373888, at *4-5. Instead, in order to avoid further delaying the case, the Court will deem the complaint to be amended as of this date to allege the jurisdictional facts set forth in Ms. Howard's declaration, thereby resetting the deadline for defendant to respond to the complaint. See Wright & Miller, 5 Federal Practice & Procedure: Civil 3d § 1208 (2004) ("Although citizenship of the parties must always be pleaded affirmatively in accordance with Rule 8(a)(1), the failure to do so typically may be cured by amending the pleading.").

## CONCLUSION

For the foregoing reasons, the complaint is deemed amended to cure the jurisdictional deficiencies therein.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**April 6, 2018**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**